48 So.2d 71

**FANT et al. v. PERLING.**

**7 Div. 98.**

Court of Appeals of Alabama.

Oct. 3, 1950.

J. D. Pope, of Fort Payne, for appellants.

Scott, Dawson & Stockton, of Fort Payne, for appellee.

HARWOOD, Judge.

Plaintiff below, appellee here, had from time to time forwarded to the defendant, appellant here, certain goods, wares and merchandise. These goods were forwarded on 30 day consignments, the appellant agreeing to pay the wholesale price, plus 20% therefor, upon resale of the goods.

The suit below grew out of these transactions. The complaint contained two counts, each sounding in account. The plaintiff filed with the complaint a verified itemized account in accordance with Section 378, Title 7, Code of Alabama 1940.

The defendant filed pleas of the general issue, and of setoff and recoupment. These special pleas averred that the plaintiff had sold to the defendant a defective deep freeze ice box, orally warranted to be of good quality, and further that they had been compelled to spend certain named sums in attempting to get the freezing unit into operating condition.

The plaintiff introduced the verified itemized account, and testified in detail as to its correctness.

The appellant testified that he had overpaid his account, and introduced cancelled checks payable to the plaintiff in support of this contention. He further testified that he and his partner had purchased the deep freeze unit from the appellee with an oral guarantee as to its quality; that the unit had never operated satisfactorily, and was useless, and that they had expended certain sums in an attempt to get it into operable condition.

In rebuttal the appellee testified that during his transactions with the defendant he would on occasions return part of the money represented by the checks given to him, and that on other occasions some of the money represented by the checks was paid for items bought by the defendant outright, and in no way connected with the consignment transactions. He further testified that the freezing unit was sold to the defendants as dealers, by him as a dealer, the price paid by the defendants being the actual cost price to him. Under such circumstances no warranty accompanies the goods,

472

and the plaintiff denied he had at any time warranted the freezing unit.

 The jury returned a verdict in favor of the plaintiff, and assessed his damages at $475.19. The evidence introduced by the plaintiff below tended amply to support the verdict and judgment rendered pursuant thereto. Purely a question of fact was presented. The jury resolved this question in favor of the plaintiff. The able trial judge entered judgment pursuant to the verdict. We know of no basis justifying our interfering with this solemn rendition, amply sustained by the evidence, despite appellant's counsel's strenuous insistence that such verdict and judgment is unjust.

Affirmed.